UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Jacksonville Division)

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,                                        CASE NO.: 8:16cv1489T35TGW

                             Plaintiffs,

                -against-

JASON FRY, CORNERSTONE NETWORK, INC.
FRY ENTERPRISES, INC. d/b/a CORNERSTONE
MOBILE GLASS, JAMES HAMILTON,
SUPHATTRA PRAPHATSARANG, DWAYNE
JOHNSON a/k/a DJ JOHNSON, MATTHEW MIKA,
M&J GLASS COMPANY, LLC, ALFONSO GARCIA,
A.B.S. ENTERPRISE, INC., and JOHN DOE
DEFENDANTS 1-10

                             Defendants.
_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF FRY, HAMILTON, PRAPHATSARANG, AND CORNERSTONE DEFENDANTS

Defendants, JASON FRY; FRY ENTREPRISES, INC.; JAMES HAMILTON; CORNERSTONE NETWORK, INC.; and SUPHATTRA PRAPHATSARANG, through their undersigned counsel, and in accordance with Rule 8(b) and 8(c) of the FEDERAL RULES OF CIVIL PROCEDURE, hereby answer Counts Seven, Eight and Ten of the complaint on file herein against them and assert their affirmative defenses thereto. Further, in accordance with Rule 13(a), the defendants, CORNERSTONE NETWORK, INC.; FRY ENTREPRISES, INC., hereby file their counterclaim against the plaintiffs. Contemporaneously with this filing, these defendants are

filing a Motion to Dismiss Count One, Counts Two through Five, Count Six and Count Eight of the complaint, in accordance with Rule 12(b)(6).

*Answering the allegations*:

    1.    With respect to the allegations of paragraph 1, it is admitted that the allegations describe the nature of the claims, but the substantive claims are denied.

    2.    With respect to the allegations of paragraph 2, it is admitted that the Plaintiffs seek a declaration of rights, but these Defendants assert that Plaintiffs are not entitled to such relief.

    3-12.    With respect to the allegations of paragraphs 3-12, the Defendants deny these allegations.

## THE PARTIES

**I.**     **Plaintiffs**

    13.    Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

**II.**     **Defendants**

**A.**     **The Cornerstone Owners**

    14.    With respect to the allegations of paragraph 14, the Defendants admit this allegation.

    15-20.    With respect to the allegations of paragraphs 15-20, the Defendants deny these allegations.

**B.**     **The Cornerstone Companies**

21-23. With respect to the allegations of paragraphs 21-23, the Defendants deny these allegations.

**C.    The Cultivator Defendants and the Employee Defendants**

24. With respect to the allegations of paragraph 24, the Defendants deny this allegation.

25. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

26. With respect to the allegations of paragraph 26, the Defendants deny this allegation.

27. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

28-33. With respect to the allegations of paragraphs 28-33, the Defendants deny these allegations.

## JURISDICTION

34. With respect to the allegations of paragraph 34, the Defendants admit this allegation.

35-36. With respect to the allegations of paragraphs 35-36, the Defendants deny these allegations.

37. With respect to the allegations of paragraph 37, the Defendants admit that venue is proper.

## ALLEGATIONS COMMON TO ALL CLAIMS

38. With respect to the allegations of paragraph 34, the Defendants admit this allegation.

## I. Automobile Insurance and Reimbursement for Glass Services

39-41. With respect to the allegations of paragraphs 39-41, the Defendants admit these allegations.

42. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

43. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

44. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

45. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

46. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

47. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

48. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

49 No response is necessary; the allegations of paragraph 49 set forth conclusion of law. However, to the extent that these allegations differ with actual requirements of law, they are denied.

50. With respect to the allegations of paragraph 50, the Defendants deny this these allegations.

51. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

52. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

53-54. With respect to the allegations of paragraphs 53-54, the Defendants deny these allegations.

55. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

## II. The Defendants' Alleged Fraudulent Scheme

56. With respect to the allegations of paragraph 56, the Defendants deny these allegations.

**A. The Creation of the Cornerstone Companies as Vehicles to Enact the Defendants' Alleged Fraudulent Scheme**

56-62. With respect to the allegations of paragraphs 56-62, the Defendants deny these allegations.

63. No response necessary; the deposition referenced at paragraph 63 speaks for itself.

64-70. With respect to the allegations of paragraphs 64-70, the Defendants deny these allegations.

71-72. No response necessary; the deposition referred to at these paragraphs speaks for itself.

73-77. With respect to the allegations of paragraphs 73-77, the Defendants deny these allegations.

**B.     The Structure and Execution of the Defendants' Alleged Fraudulent Scheme**

78-92. With respect to the allegations of paragraphs 78-92, the Defendants deny these allegations.

93. No response necessary; the alleged affidavit referred to at paragraph 93 will speak for itself.

94. No response necessary; the alleged affidavit referred to at paragraph 94 will speak for itself.

95-98. With respect to the allegations of paragraphs 95-98, the Defendants deny these allegations.

99. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

100-109. With respect to the allegations of paragraphs 100-109, the Defendants deny these allegations.

110. No response necessary; the Notice of Claim referred to in this paragraph speaks for itself.

111. With respect to the allegations of paragraph 111, the Defendants deny these allegations.

112. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

113. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

114-116. With respect to the allegations of paragraphs 114-116, the Defendants deny these allegations.

**C.     The Alleged Exploitation of Florida Insurance Claims Handling Requirements to Conceal and Perpetuate the Scheme**

117. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

118. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

119-122. With respect to the allegations of paragraphs 119-122, the Defendants deny these allegations.

123. With respect to the allegations of paragraph 123, the Defendants admit this allegation.

124-125. With respect to the allegations of paragraphs 124-125, the Defendants deny these allegations.

### III. The Alleged Fraudulent Claims the Defendants Submitted or Caused to be Submitted to GEICO

127. With respect to the allegations of paragraph 127, the Defendants admit this allegation.

128. With respect to the allegations of paragraph 128, the Defendants deny this allegation.

### IV. The Defendants' Alleged Fraudulent Concealment and GEICO'S Justifiable Reliance

129. With respect to the allegations of paragraph 129, the Defendants deny this allegation; this is not an accurate statement of law.

130-137. With respect to the allegations of paragraphs 130-137, the Defendants deny these allegations.

**FIRST CAUSE OF ACTION**
**Against Cornerstone Network and Cornerstone Mobile**
**(Declaratory Judgment – 28 U.S.C. §§2201 and 2202)**

138. Defendants repeats and re-alleges its preceding answers with respect to the allegations of paragraphs 1 through 137, which simply repeats all previous allegations of the complaint.

139-144. These Defendants need not substantively answer this count since they are contemporaneously herewith filing a motion to dismiss it pursuant to Rule 12(b)(6). Accordingly, no response is required, at this time, as to these allegations of the Complaint.

## SECOND CAUSE OF ACTION
### Against Fry, Praphatsarang, and Hamilton
### (Violation of RICO, 18 U.S.C. §1962(c))

145. Defendants repeats and re-alleges its preceding answers with respect to the allegations of paragraphs 1 through 144, which simply repeats all previous allegations of the complaint.

146-151. These Defendants need not substantively answer this count since they are contemporaneously herewith filing a motion to dismiss it pursuant to Rule 12(b)(6). Accordingly, no response is required, at this time, as to these allegations of the Complaint.

## THIRD CAUSE OF ACTION
### Against Fry, Praphatsarang, and Hamilton
### (Violation of RICO, 18 U.S.C. §1962(c))

152. Defendants repeats and re-alleges its preceding answers with respect to the allegations of paragraphs 1 through 150, which simply repeats all previous allegations of the complaint.

153-158. These Defendants need not substantively answer this count since they are contemporaneously herewith filing a motion to dismiss it pursuant to Rule 12(b)(6). Accordingly, no response is required, at this time, as to these allegations of the Complaint.

## FOURTH CAUSE OF ACTION
### Against Fry, Hamilton, Praphatsarang, M&J Glass, Mike, Johnson, Garcia, ABS, and John Doe Defendants 1-10
### (Violation of RICO, 18 U.S.C. §1962(c))

159. Defendants repeats and re-alleges its preceding answers with respect to the allegations of paragraphs 1 through 157, which simply repeats all previous allegations of the complaint.

160-165. These Defendants need not substantively answer this count since they are contemporaneously herewith filing a motion to dismiss it pursuant to Rule 12(b)(6). Accordingly, no response is required, at this time, as to these allegations of the Complaint.

### FIFTH CAUSE OF ACTION
### Against Fry, Hamilton, Praphatsarang, M&J Glass, Mike, Johnson, Garcia, ABS, and John Doe Defendants 1-10
### (Violation of RICO, 18 U.S.C. §1962(c))

166. Defendants repeats and re-alleges its preceding answers with respect to the allegations of paragraphs 1 through 164, which simply repeats all previous allegations of the complaint.

167-172. These Defendants need not substantively answer this count since they are contemporaneously herewith filing a motion to dismiss it pursuant to Rule 12(b)(6). Accordingly, no response is required, at this time, as to these allegations of the Complaint.

### SIXTH CAUSE OF ACTION
### Against all Defendants
### (Under Fla. Stat. 501.201 et. seq.)

173. Defendants repeats and re-alleges its preceding answers with respect to the allegations of paragraphs 1 through 171, which simply repeats all previous allegations of the complaint.

174-181. These Defendants need not substantively answer this count since they are contemporaneously herewith filing a motion to dismiss it pursuant to Rule 12(b)(6). Accordingly, no response is required, at this time, as to these allegations of the Complaint.

### SEVENTH CAUSE OF ACTION
### Against all Defendants
### (Under Fla. Stat. 772.103 et. seq.)

182. Defendants repeats and re-alleges its preceding answers with respect to the allegations of paragraphs 1 through 180, which simply repeats all previous allegations of the complaint.

183-188. With respect to the allegations of paragraphs 183-188, the Defendants deny these allegations.

### EIGHTH CAUSE OF ACTION
**Against the Cornerstone Companies and Cornerstone Owners**
**(Common Law Fraud)**

189. Defendants repeats and re-alleges its preceding answers with respect to the allegations of paragraphs 1 through 187, which simply repeats all previous allegations of the complaint.

190-195. These Defendants need not substantively answer this count since they are contemporaneously herewith filing a motion to dismiss it pursuant to Rule 12(b)(6). Accordingly, no response is required, at this time, as to these allegations of the Complaint.

### NINTH CAUSE OF ACTION
**Against M&J Glass, Mike, Johnson, Garcia,**
**ABS, and John Doe Defendants 1-10**
**(Aiding and Abetting Fraud)**

196-203. These defendants need not answer the allegations of Count 9 since they do not pertain to the defendants. Nevertheless, to the extent that these allegations are deemed, by inference or otherwise, to pertain to these defendants, they are denied.

### TENTH CAUSE OF ACTION
**Against all Defendants**
**(Unjust Enrichment)**

204. Defendants repeats and re-alleges its preceding answers with respect to the allegations of paragraphs 1 through 187, which simply repeats all previous allegations of the complaint.

205. With respect to the allegations of paragraph 205, the Defendants deny this allegation.

206. Defendants are, at this time, without actual knowledge or information sufficient upon which to base a reasonable belief as to the truth or falsity of the allegations of this paragraph, and the same must, therefore, be denied at this time.

207-209. With respect to the allegations of paragraphs 207-209, the Defendants deny these allegations.

## AFFIRMATIVE DEFENSES

As and for their separate, distinct and affirmative defenses, in accordance with Rule 8(c) of the FEDERAL RULES OF CIVIL PROCEDURE, these Defendants state the following:

## FIRST AFFIRMATIVE DEFENSE

At the outset, these defendants assert that this 53-page, 210-allegation complaint is a prohibited "shotgun pleading," in which each of its counts improperly re-alleges and re-incorporates every preceding paragraph. *See, e.g., Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015) (detailing different varieties of shotgun pleadings). The complaint must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

The complaint is time-barred by the applicable statute of limitations, and, to the extent that the claims are equitable, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENS

The claims asserted in the complaint are barred by the doctrine of unclean hands, waiver or estoppel because the Plaintiffs have routinely and unilaterally paid less than the full

repair/replacement invoice submitted by the Cornerstone entities in violation of *Fla. Stat.* §627.7288.

## FOURTH AFFIRMATIVE DEFENSE

The claims are barred by reason of the doctrines of waiver or estoppel because the Plaintiffs have accepted the benefit of these defendants' services that were provided to its insureds and has paid, to some extent, for such services without timely reservation or objection.

## FIFTH AFFIRMATIVE DEFENSE

The claims are barred by reason of the doctrines of waiver or estoppel because the Cornerstone entities stand in the shoes of the Plaintiffs' insureds and the Plaintiffs have accepted the benefit of these defendants' services, provided to the insureds, and has paid for such services, to some extent, without timely reserving its rights or denying coverage either to the Defendants, as assignees of the insureds, or to the insureds directly.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred by the doctrine of unclean hands, waiver or estoppel because the Plaintiffs have ignored and dishonored their obligations under the subject form of auto insurance policy and Florida substantive law, and, thereby breached their obligations of good faith and fair dealing.

## SEVENTH AFFIRMATIVE DEFENSE

The rights and liabilities of the parties are governed and controlled by the provisions of the form of insurance policy that exists between the Plaintiffs and their insureds since the Defendants, the Cornerstone entities, are merely assignees of the insureds. Pursuant to the form policy, The Plaintiffs are contractually obligated to pay the prevailing competitive price charged by a competent and conveniently located windshield repair facility that is selected by the insured,

such as the Cornerstone entities. Florida courts have held, more than once, that the subject form of Geico auto policy provisions pertaining to windshield repair/replacement *do not* permit Geico to pay the repair invoice of a windshield repair facility that is selected by the insured only up to the amount that Geico considers reasonable or that Geico is able to, itself, secure. *See Superior Auto Glass of Tampa Bay, Inc. v. GEICO Indemnity Co*., 23 FLA. L. WEEKLY SUPP. 151b (Hernando County Ct., Feb. 27, 2015)("Plaintiff [insured's assignee] argues nothing in the policy language states the price has to be the lowest price GEICO may obtain. The Court holds Plaintiff's interpretation is reasonable."). *See also Clear Vision Window Repair v. Geico*, 23 FLA. L. WEEKLY SUPP. 635a (Broward County Cir. Ct., Nov. 4, 2015)("The Court hereby declares that the term 'prevailing competitive price' . . . to be ambiguous. Therefore, it is to be construed in favor of the Plaintiff [insured's assignee]. As a matter of law, the Defendant is obligated to pay the price charged by the Plaintiff . . .."). The Plaintiffs herein are wrongfully using the instant lawsuit to eschew its substantive obligations under Florida law. The Plaintiffs have wrongfully refused to honor its substantive obligations, and is, thus, precluded from making the instant claims by reason of the doctrines of waiver, estoppel or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the claims are based upon a conspiracy theory, such claims fail to state causes of action as against the defendants Fry, Hamilton, Fry Enterprises, and Cornerstone Network Inc. to the extent that such claims are based upon the conduct of these particular individual Defendant's dealings with each and with the corporate entities because Fry is the sole owner of Fry Enterprises and a 50% owner of Cornerstone Network Inc., and Hamilton is a 50% owner of Cornerstone Network Inc. One cannot legally conspire with a corporation s/he owns, but, rather, can only conspire with individuals or entities which have separate, independent

economic interests. Similarly, a corporation cannot legally conspire with its officers and directors.

**NINTH AFFIRMATIVE DEFENSE**

The damages alleged, if any, were the result of the fault or wrongful conduct of third parties as to whom these Defendants had no legally significant relationship and with respect to whom these Defendants are not vicariously or otherwise responsible.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiffs are precluded from bringing and maintaining the instant claims by reason of the doctrines of estoppel, waiver or unclean hands because the Plaintiffs have violated Section 1 of the *Sherman Act*, 15 U.S.C. §1, because they have historically and repeatedly conspired and arranged to rig and set windshield repair/replacement prices artificially low, based upon vertical arrangements between it and certain preferred auto repair shops which are large, national-in-scope entities, such as Safelite Services, which constitute vertical provider agreements under the Act.[1] The Plaintiffs are, further, wrongfully, using the instant suit to intimidate smaller, local windshield repair facilities in furtherance of, and to facilitate, its wrongful conduct in rigging such repair/replacement prices in violation of the Act and in violation of the requirements of Florida law, as explained in the Seventh Affirmative Defense, *supra*. Hence, the Plaintiffs are precluded from maintaining the instant claims. Further, upon development of sufficient factual discovery, these Defendants reserve their right to counterclaim against Plaintiffs for their violations of section 1 of the *Sherman Act*.

**ELEVENTH AFFIRMATIVE DEFENSE**

---

[1] Unlike horizontal agreements among insurers, a vertical arrangement between an insurance company and a preferred body shop would *not* be immune from the antitrust laws under the McCarran-Ferguson Act, 15 U.S.C. §1011 *et. seq*. *See Group Life & Health Insurance Co. v. Royal Drug Co.,* 440 U.S. 205, 99 S. Ct. 1067, 59 L. Ed. 2d 261 (1979).

With regard to Count Seven, the claim under Florida's *Civil Remedies for Criminal Practices Act*, which attempts to set forth a claim for civil damages under *Fla. Stat*. §772.104, this statute potentially creates a civil remedy against these Defendants only to the extent that *Fla. Stat.* §772.103 defines "criminal activity" so as to incorporates a violation of the insurance fraud provisions of the criminal code, *i.e.*, §817.234(1). However, §817.234, itself, provides for a civil remedy to an insurer, but it requires that there has been a conviction. *See* §817.234(5). There has been no conviction; nor is that even pleaded by the Plaintiffs herein. Hence, there is no claim under §772.103 *et. seq.* at al. Alternatively, since §817.234 is the more specific statute pertaining to the alleged insurance fraud, its civil remedy provision applies to the exclusion of §772.103 *et. seq.* This is especially so where the civil remedies contained in each statute are not the same.

## TWELFTH AFFIRMATIVE DEFENSE

With regard to Count Seven, which attempts to set forth a claim under *Fla. Stat*. §772.103 *et. seq.*, this statute prohibits any person from using the proceeds, directly or indirectly, derived from a pattern of criminal activity (here, insurance fraud, by incorporation of §817.234) to establish an enterprise. The allegations of the complaint, on their face, show that the Cornerstone entities were established by the individual Defendants *prior to* the alleged pattern of insurance fraud. Thus, §772.103 *et. seq.* is inapplicable.

## THIRTEENTH AFFIRMATIVE DEFENSE

With respect to Count Ten of the complaint for unjust enrichment, this equitable doctrine is inapplicable where there is a legal remedy, and it is also inapplicable where there is contract between the parties, as there is here since the Cornerstone entities are assignees of the Plaintiffs' insureds. *See, e.g., Cafaro v. Zois*, 2015 U.S. Dist. LEXIS 83302 *44 (S.D. Fla. 2015) .

## FOURTEENTH AFFIRMATIVE DEFENSE

These Defendants acted, at all times, in good faith and based upon a reasonable belief as to the *bona fides* of the claims submissions from independent contractors and their employees for which these Defendants are not vicariously or otherwise responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs claim that they have no obligation to the Cornerstone entities because they are not actual windshield repair facilities, but, rather, are third-party billing companies which submit bills/invoices on behalf of windshield repair facilities, Plaintiffs are estopped from making such a claim because they have, for many years, actually paid all or a portion of the windshield repair/replacement bills/invoices submitted by the Cornerstone entities without any objection in this respect.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims are barred by reason of the doctrines of ratification because the Plaintiffs have accepted the benefit of these defendants' services that were provided to Plaintiffs' insureds and have paid for such services without timely reservation or objection.

*Wherefore* these Defendants request that the complaint be dismissed and that they be awarded taxable costs incurred in connection the defense of this action. Further, these Defendants request that the court award them attorney's fees incurred in connection with the defense of any and all claims that contain of right of action for attorney's fees since such is deemed to be reciprocal under Florida law.

## COUNTERCLAIM

The defendants/counter-claimants, CORNERSTONE NETWORK, INC. and FRY ENTREPRISES, INC., through undersigned counsel, and in accordance with Rule 13(a) of the

FEDERAL RULES OF CIVIL PROCEDURE, hereby sue the plaintiffs/counter-defendants, and allege the following:

1. Jurisdiction and venue supporting this counterclaim is based upon the admittedly proper jurisdiction and venue of the main Complaint filed by the Plaintiffs (hereinafter "Geico").

2. The counter-claimants are windshield repair shops operating in the area covered by the jurisdiction of this court, or they otherwise stand in the shoes of windshield repair shops operating in the area covered by the jurisdiction of this court because the counter-claimants have, for many years, submitted bills/invoices on behalf of such windshield repair shops to Geico without objection from Geico in this respect.

3. The counter-claimants are assignees of Geico insureds with respect to such insureds' benefits under their insurance policies for windshield repairs and replacements.

4. The counter-claimants have submitted, as assignees, numerous claims to Geico for repair and/or replacement of windshields on autos covered by Geico.

5. The rights and liabilities of the parties to this counterclaim are governed by the provisions of the form of auto insurance policy that exists between Geico and its insureds.

6. Pursuant to the standard form of insurance policy issued by Geico to its insureds, Geico is contractually obligated to pay the prevailing competitive price charged by a competent and conveniently located windshield repair facility that is selected by the insured. Further, *Fla. Stat*. §627.7288 requires Geico to pay for such windshield repair and/or replacement without regard to any deductible in the particular insurance policy.

7. The counter-claimants are competent and conveniently located windshield repair facility that were selected by the insureds for windshield repair and/or replacements, or stand in the shoes of same as set forth in paragraph 2 of this counterclaim.

8. As set forth in detail in Geico's main complaint, it has not paid the full amount of the invoices submitted to it by the counter-claimants, or, in many circumstances, it has not paid the invoice at all.

9. In the circumstances where Geico has refused to pay the invoice, it is in breach of contract.

10. In the circumstances where Geico has paid less than the full invoice, it is in breach of contract because the Geico policy provisions pertaining to windshield repair/replacement do not permit Geico to pay the repair invoice of a windshield repair facility that is selected by the insured only to the extent that Geico considers reasonable or that Geico is able to, itself, secure. *See Superior Auto Glass of Tampa Bay, Inc. v. GEICO Indemnity Co.*, 23 FLA. L. WEEKLY SUPP. 151b (Hernando County. Ct., Feb. 27, 2015); *Clear Vision Window Repair v. Geico*, 23 FLA. L. WEEKLY SUPP. 635a (Broward County Cir. Ct., Nov. 4, 2015).

11. The counter-claimants have been damaged by reason of Geico's breach of contract in an amount well in excess of the jurisdictional limitations of this court.

12. The counter-claimants are entitled to recover attorney's fees incurred in connection with bringing of this counterclaim pursuant to *Fla. Stat*. §627.428.

*Wherefore*, the counter-claimants demand judgment against Geico for damages in excess of the sum of $75,000, plus costs and attorney's fees incurred in connection with bringing this counterclaim.

Respectfully submitted,

  /s/Michael Buckley
Michael B. Buckley, Esq.
FBN: 365734
BUCKLEY LAW GROUP, P.A.
150 2nd Avenue North

Morgan Stanly Tower, Suite 1200
St. Petersburg, Fl. 33701
Tel: 727-822-4800
Fax: 727-822-4855
mbuckley@buckleylawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via ECF on this 30th day of June, 2016, to: Lindsey R. Trowell, Esq., John P. Marino, Esq., and Kristen W. Bracken, Esq., Smith Gambrell & Russell, LLP, 50 North Laura Street, Suite 2600, Jacksonville, Florida 32202 ltrowell@sgrlaw.com and Barry I Levy, Esq., Max Gershenoff, Esq., and Steven Henesy, Esq., Rivkin Radler, LLP, 926 RXR Plaza, Uniondale, New York 11550.

BUCKLEY LAW GROUP, P.A.

BY: ___/s/Michael Buckley_____
MICHAEL B. BUCKLEY, ESQUIRE
FBN: 365734
150 Second Avenue North, Suite 1200
St. Petersburg, Florida 33701
Main Number : (727) 822-4800
Facsimile     : (727) 822-4855
Toll Free     : (888) 583-0050
Primary E-Mail: mbuckley@buckleylawgroup.com
Secondary E-Mail:
hdalmanieras@buckleylawgroup.com
rparker@buckleylawgroup.com